Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/09/2023 09:05 AM CDT

- 896 -

Nebraska Court of Appeals Advance Sheets
31 Nebraska Appellate Reports
IN RE INTEREST OF JORGE A.
Cite as 31 Neb. App. 896

In re Interest of Jorge A., a child
under 18 years of age.
State of Nebraska, appellee,
v. Jorge A., appellant.

___ N.W.2d ___

Filed May 9, 2023.    No. A-22-870.

1. **Courts: Juvenile Courts: Jurisdiction: Appeal and Error.** An appel-
   late court reviews a juvenile court's decision to transfer a juvenile
   offender's case to county court or district court de novo on the record
   for an abuse of discretion.
2. **Courts: Juvenile Courts: Jurisdiction: Proof.** When the prosecution
   seeks to transfer a juvenile offender's case to criminal court, the juve-
   nile court must retain the matter unless a preponderance of the evidence
   shows that the proceeding should be transferred to the county court or
   district court.
3. **Courts: Juvenile Courts: Jurisdiction.** In conducting a hearing on a
   motion to transfer a pending juvenile offender's case to criminal court,
   the court should employ a balancing test by which public protection and
   societal security are weighed against the practical and nonproblematical
   rehabilitation of the juvenile.

Appeal from the County Court for Madison County:
Michael L. Long, Judge. Affirmed.

Timothy E. Sopinski, of Sopinski Law Office, for appellant.

Nathaniel T. Eckstrom, Deputy Madison County Attorney,
for appellee.

Moore, Riedmann, and Bishop, Judges.

- 897 -

Nebraska Court of Appeals Advance Sheets
31 Nebraska Appellate Reports
IN RE INTEREST OF JORGE A.
Cite as 31 Neb. App. 896

Riedmann, Judge.

## I. INTRODUCTION

Jorge A. appeals the decision of the Madison County Court, sitting as a juvenile court, granting the State's motion to transfer his case to adult court. Despite the court's erroneous application of a sound basis prerequisite to support the transfer, we find no abuse of discretion in the court's order granting the motion to transfer.

## II. BACKGROUND

Jorge, born in March 2005, was pulled over by a Nebraska State Patrol trooper for a traffic violation on October 13, 2022. The vehicle's registration tags were expired, and Jorge did not have a driver's license. During the course of the stop, the trooper detected the odor of marijuana emitting from the vehicle. Jorge admitted that there was marijuana in the door of the vehicle and that he also had a "THC vape."

The trooper conducted a probable cause search of the vehicle and located psilocybin mushrooms, possible LSD blotter paper, drug paraphernalia, marijuana "shake," and an open bottle of liquor. While Jorge was seated in the cruiser during the search of the vehicle, he made several phone calls to friends and relatives that were recorded on the recording device located in the cruiser. In those conversations, Jorge made several admissions that he had mushrooms, "fake" LSD, a scale, and money on him, and that he was selling the drugs and had made $900 in 3 days. Jorge had $554 in his wallet.

Jorge was taken to a State Patrol office and was released that evening to his parents. He was arrested the following day. A juvenile petition was filed charging him with possession of psilocybin with intent to deliver, a Class IIA felony. On the same day, the State filed a motion to transfer the case to adult court. An amended juvenile petition was filed, adding a count for resisting arrest.

At the hearing on the motion to transfer, the trooper testified as to the events set forth above, as well as to the weight

- 898 -

Nebraska Court of Appeals Advance Sheets
31 Nebraska Appellate Reports
IN RE INTEREST OF JORGE A.
Cite as 31 Neb. App. 896

of the mushrooms being 3.8 ounces. In addition, Jorge's probation officer, Michelle Sullivan, testified. Sullivan is a specialized juvenile probation officer, and she was currently Jorge's probation officer and had also served in that capacity about a year prior. Her first contact with him was when he was 14 years old for truancy issues. Within the past year, she observed videos of Jorge smoking marijuana and other videos showing bags of marijuana. When she questioned Jorge about that, he said it was for personal use, but Sullivan testified the quantities were "[d]efinitely not personal use." She confirmed that over the past year, drug testing was part of his probation, and that he had tested positive for THC and had also missed some testing dates.

Sullivan testified that through services Jorge is set to graduate at the end of the current school year. He has had "multisystemic therapy" (MST) to address his substance usage, and he was making progress with that. He agreed to a substance abuse evaluation in September 2021; the results recommended intensive outpatient treatment, but he did not receive that treatment because he was engaged in MST instead. Sullivan reported that probation has exhausted in-home level of care through MST and that before she could state further recommendations, she would want an updated substance use evaluation. At this stage, Jorge had not exhausted all levels of treatment, and in fact, he had not yet even been placed out of home. She opined that "there's still things that juvenile [court] can do since he was 17."

Also offered into evidence were certified copies of three prior juvenile court proceedings in Madison County involving Jorge, JV 19-8 (curfew violation), JV 21-67 (uncontrollable juvenile), and JV 21-143 (possession of drug paraphernalia). In closing arguments, the State requested that the case be transferred to adult court due to Jorge's being on probation multiple times, his continued issues with substance abuse, and now his escalation to distribution. The State emphasized that

- 899 -

Nebraska Court of Appeals Advance Sheets
31 Nebraska Appellate Reports
IN RE INTEREST OF JORGE A.
Cite as 31 Neb. App. 896

Jorge would be 19 years old in less than 1½ years, and that adult court would be able to place him on probation past that age. In response, Jorge's attorney argued that Jorge had not even been out of home, and "there's a lot that can be done for him at this stage in the game."

The court reviewed each of the relevant statutory factors set forth in Neb. Rev. Stat. § 43-276(1) (Cum. Supp. 2022) on the record. It found that as to the first factor, the type of treatment the juvenile is most likely amenable to, Jorge had been on probation in three prior cases and was on probation when he engaged in distribution. Because probation had not deterred Jorge, the court determined that he needed more; therefore, this factor weighed in favor of transfer. Other factors weighing in favor of transfer were the motivation for the offense (which the court stated was profit, a "purely adult" motivation); age; previous history; the juvenile's best interests (because accountability and supervision within the adult system would be best for Jorge in the long run); public safety; appreciation for the nature and seriousness of his conduct; and best interests of the juvenile and security of the public (which the court stated would require detention or supervision for a period extending beyond his 19th birthday).

The court found that the only factors in favor of retaining the case in the juvenile court were the absence of a conviction or acknowledgment of possession of a firearm and the absence of gang affiliation. Neutral factors included whether the offense involved violence, availability of restorative justice, and availability of a juvenile pretrial diversion program (due to absence of evidence).

After reviewing each of the relevant statutory factors on the record, the court stated that after "balancing out those factors, I've just went through them, I'm going to find there's a sound basis for transfer that exists. So I'm going to transfer this matter to the Madison County Court for further proceedings in the adult system." Jorge appeals.

- 900 -

Nebraska Court of Appeals Advance Sheets
31 Nebraska Appellate Reports
IN RE INTEREST OF JORGE A.
Cite as 31 Neb. App. 896

## III. ASSIGNMENTS OF ERROR

Jorge assigns that the juvenile court (1) erred in utilizing the wrong legal standard in deciding whether to transfer the case to adult court and (2) abused its discretion in finding that transfer to adult court was warranted.

## IV. STANDARD OF REVIEW

[1] An appellate court reviews a juvenile court's decision to transfer a juvenile offender's case to county court or district court de novo on the record for an abuse of discretion. *In re Interest of Steven S.*, 299 Neb. 447, 908 N.W.2d 391 (2018). When the evidence is in conflict, an appellate court may give weight to the fact that the lower court observed the witnesses and accepted one version of the facts over the other. *Id*.

## V. ANALYSIS

### 1. Prerequisite for Transfer

[2] When the prosecution seeks to transfer a juvenile offender's case to criminal court, the juvenile court must retain the matter unless a preponderance of the evidence shows that the proceeding should be transferred to the county court or district court. *Id*. See Neb. Rev. Stat. § 43-274(5) (Cum. Supp. 2022). However, when a juvenile seeks to transfer a case from criminal court to the juvenile court, a court shall transfer "unless a sound basis exists for retaining the case." Neb. Rev. Stat. § 29-1816(3) (Cum. Supp. 2022). In *In re Interest of Steven S., supra*, the Nebraska Supreme Court recognized that a difference exists between the two prerequisites, but did not define the difference between a preponderance of the evidence and a sound basis.

It is clear that the juvenile court applied the wrong prerequisite when it found that there was a "sound basis" for a transfer to criminal court; however, our review of the court's order is de novo on the record for an abuse of discretion. As explained below, based upon that review, we find that a preponderance of the evidence shows that the case

- 901 -

Nebraska Court of Appeals Advance Sheets
31 Nebraska Appellate Reports
IN RE INTEREST OF JORGE A.
Cite as 31 Neb. App. 896

should be transferred to adult court; therefore, we find no abuse of discretion in the juvenile court's order granting the State's motion.

## 2. Transfer Was Not Abuse of Discretion

Neb. Rev. Stat. § 43-246.01(3) (Reissue 2016) grants concurrent jurisdiction to the juvenile court and the county or district courts over juvenile offenders who (1) are 11 years of age or older and commit a traffic offense that is not a felony or (2) are 14 years of age or older and commit a Class I, IA, IB, IC, ID, II, or IIA felony. Actions against these juveniles may be initiated either in juvenile court or in the county or district court. In the present case, Jorge, age 17, was charged with a Class IIA felony, thereby giving both the juvenile court and the county court jurisdiction over him.

When an alleged offense is one over which both the juvenile court and the criminal court can exercise jurisdiction, a party can move to transfer the matter. For matters initiated in juvenile court, the county attorney or city attorney can move to transfer it to adult court pursuant to § 43-274(5).

In the instant case, when the State moved to transfer Jorge's case to adult court, the juvenile court conducted a hearing pursuant to § 43-274(5) and considered the following factors set forth in § 43-276(1):

(a) The type of treatment such juvenile would most likely be amenable to; (b) whether there is evidence that the alleged offense included violence; (c) the motivation for the commission of the offense; (d) the age of the juvenile and the ages and circumstances of any others involved in the offense; (e) the previous history of the juvenile, including whether he or she had been convicted of any previous offenses or adjudicated in juvenile court; (f) the best interests of the juvenile; (g) consideration of public safety; (h) consideration of the juvenile's ability to appreciate the nature and seriousness of his or her conduct; (i) whether the best interests of the juvenile

- 902 -

Nebraska Court of Appeals Advance Sheets
31 Nebraska Appellate Reports
IN RE INTEREST OF JORGE A.
Cite as 31 Neb. App. 896

and the security of the public may require that the juvenile continue in secure detention or under supervision for a period extending beyond his or her minority and, if so, the available alternatives best suited to this purpose; (j) whether the victim or juvenile agree to participate in restorative justice; (k) whether there is a juvenile pretrial diversion program established pursuant to sections 43-260.02 to 43-260.07; (l) whether the juvenile has been convicted of or has acknowledged unauthorized use or possession of a firearm; (m) whether a juvenile court order has been issued for the juvenile pursuant to section 43-2,106.03; (n) whether the juvenile is a criminal street gang member; and (o) such other matters as the parties deem relevant to aid in the decision.

[3] As the Supreme Court has explained, in conducting a hearing on a motion to transfer a pending juvenile offender's case to criminal court, the court should employ "a balancing test by which public protection and societal security are weighed against the practical and nonproblematical rehabilitation of the juvenile." *In re Interest of Steven S.*, 299 Neb. 447, 457, 908 N.W.2d 391, 398 (2018). The court need not resolve every factor against the juvenile, and there are no weighted factors and no prescribed method by which more or less weight is assigned to a specific factor. *Id.* The prosecution "has the burden by a preponderance of the evidence to show why such proceeding should be transferred." § 43-274(5).

### 3. Jorge Takes Issue With Certain § 43-276 Factors

Jorge takes issue with the juvenile court's review of seven of the factors set forth in § 43-276. We review each separately.

### (a) § 43-276(1)(a)—Type of Treatment Juvenile Would Most Likely Be Amenable To

The court found that Jorge had been on probation in three prior cases and had completed the highest level of

- 903 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
31 NEBRASKA APPELLATE REPORTS
IN RE INTEREST OF JORGE A.
Cite as 31 Neb. App. 896

community supervision available. Despite this, "the drug dealing in this case went on, in this case, right under the nose of the probation officer." Consequently, the court found that Jorge was not responding to treatment that did not involve a level of deterrence or incapacitation, which weighed in favor of transfer. Jorge argues that Sullivan's testimony revealed that he was amenable to services. Sullivan testified that Jorge had not exhausted all of the levels juvenile probation has available and that given his age, there were still things that juvenile court could do. However, simply because services are available does not mean the juvenile is amenable to them. See *State v. Leroux*, 26 Neb. App. 76, 916 N.W.2d 903 (2018) (in considering motion to transfer, it is important to consider defendant's individual amenability to treatment). Prior to this occurrence, Jorge had been on probation three times that included "GPS" monitoring, drug testing, and MST; however, his activities escalated from truancy and possession of drug paraphernalia to distribution of psilocybin mushrooms. We agree that this factor weighed in favor of transfer.

### (b) § 43-276(1)(b)—Whether There Is Evidence That Alleged Offense Included Violence

The court acknowledged that the primary offense did not involve violence, but that a charge of resisting arrest involves some kind of violence. Because the record did not set out what events transpired, the court determined that this factor "is at best neutral." Jorge argues that the absence of violence should have resulted in this factor's weighing in favor of retention. But contrary to Jorge's argument, the court did not determine the charges did not involve violence; rather, it could not quantify the amount of violence involved, therefore making this factor neutral. We agree with that decision.

### (c) § 43-276(1)(c)—Motivation for Commission of Offense

The court found that Jorge's motivation was making a profit, a purely adult motivation. Jorge argues there was no

- 904 -

Nebraska Court of Appeals Advance Sheets
31 Nebraska Appellate Reports
IN RE INTEREST OF JORGE A.
Cite as 31 Neb. App. 896

evidence that Jorge was motivated by profit and the "court made a leap unjustified by the evidence." Brief for appellant at 17. However, Jorge ignores the phone conversations he had while in the back of the cruiser in which he indicated he was selling drugs and had made $900 in 3 days. We disagree with Jorge's argument that income of that amount in a short period of time for someone who was 17 years old is insufficient for the court to determine his motivation was profit. This factor weighs in favor of transfer.

### (d) § 43-276(1)(f)—Best Interests of Juvenile

The court opined that "there never will be any account-ability" for Jorge unless the case was transferred because that "just can't be done in the juvenile system." Therefore, the court determined that transfer to the adult system was in Jorge's best interests. Jorge argues that the court's state-ments regarding the absence of accountability was incorrect because he had restrictive conditions in the past by which he was required to abide. However, the prior restrictions were not a deterrent for Jorge, as evidenced by the increase in his criminal activity. The court acknowledged that "going through the adult system at a young age is not good," but reasoned that "the accountability and supervision that comes with [the] adult system, I find is going to be in his best interest." Given Jorge's unwillingness to conform to lawful behavior, we agree that the alternate measures available through the adult sys-tem may ultimately prove to be in Jorge's best interests if convicted.

### (e) § 43-276(1)(g)—Consideration of Public Safety

The court "guess[ed]" that Jorge was dealing to the younger population, which "has a substantial risk of harm to the community." Jorge argues that "[g]uesswork" is improper by a judge. Brief for appellant at 19. Regardless of the age of Jorge's customers, distribution of psilocybin carries a

- 905 -

Nebraska Court of Appeals Advance Sheets
31 Nebraska Appellate Reports
IN RE INTEREST OF JORGE A.
Cite as 31 Neb. App. 896

substantial risk of harm to the community, which supports a transfer to adult court.

### (f) § 43-276(1)(h)—Consideration of Juvenile's Ability to Appreciate Nature and Seriousness of Conduct

The court concluded that Jorge understood the nature and consequences of his acts, which weighed in favor of transfer. Jorge, however, argues that such an appreciation should favor retention in the juvenile court. However, if a juvenile appreciates the nature and seriousness of his conduct and pursues it anyway, this weighs in favor of transfer to adult court. See *State v. Leroux*, 26 Neb. App. 76, 916 N.W.2d 903 (2018) (defendant's subaverage maturity and low IQ weighed in favor of transfer to juvenile court).

### (g) § 43-276(1)(m)—Whether Juvenile Court Order Issued for Juvenile

The court found that the absence of a juvenile court order that was issued pursuant to Neb. Rev. Stat. § 43-2,106.03 (Reissue 2016) weighed in favor of transfer. Jorge argues that is in error. Section 43-2,106.03 provides that after the disposition of a juvenile described in subsections (1), (2), (3)(b), or (4) of Neb. Rev. Stat. § 43-247 (Reissue 2016), upon the motion of any party or the court, a hearing may be held regarding the amenability of the juvenile to the rehabilitative services that can be provided under the juvenile code. If the court finds the juvenile is not amenable to such services, it may enter an order stating such. In the present case, there is no evidence that such a hearing was conducted; therefore, the absence of such an order does not weigh in favor of transfer. Rather, we determine this factor is inapplicable.

We have reviewed Jorge's arguments and the evidence presented to the juvenile court. In balancing public protection and societal security against the practical and nonproblematical rehabilitation of Jorge, we find that a preponderance of the evidence supports a transfer of Jorge's case to the adult court.

- 906 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
31 NEBRASKA APPELLATE REPORTS
IN RE INTEREST OF JORGE A.
Cite as 31 Neb. App. 896

## IV. CONCLUSION

Upon our de novo review of the record, we find no abuse of discretion in the juvenile court's order transferring Jorge's case to the adult court. We therefore affirm the juvenile court's transfer order.

AFFIRMED.