IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


IN RE INTEREST OF HAILEY G.


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


IN RE INTEREST OF HAILEY G., A CHILD UNDER 18 YEARS OF AGE.

STATE OF NEBRASKA, APPELLEE,

V.

HAILEY G., APPELLANT.


Filed August 20, 2024.    No. A-24-387.


Appeal from the Separate Juvenile Court of Sarpy County: JONATHON D. CROSBY, Judge. Reversed and remanded for further proceedings.

Thomas P. Strigenz, Sarpy County Public Defender, and Dennis P. Marks for appellant.

Andrew T. Erickson, Deputy Sarpy County Attorney, for appellee.


MOORE, ARTERBURN, and WELCH, Judges.

MOORE, Judge.

## INTRODUCTION

The Sarpy County Separate Juvenile Court granted the motion of the State to transfer this matter to the county court. Because the State failed to adduce sufficient evidence to support transfer, we reverse the order and remand the cause to the juvenile court for further proceedings.

## STATEMENT OF FACTS

On April 25, 2024, Hailey G. was charged by juvenile petition with theft by shoplifting, $500 or less, a Class II misdemeanor; and minor in possession of alcohol, a Class III misdemeanor. The petition alleged the violations occurred on March 29, 2024. On April 29, the State moved to transfer the charges to the county/district court. In the motion, the State alleged that (a) the juvenile would be most amenable to the potential treatment and rehabilitative options offered in the county

or district courts; (b) the juvenile's actions in the offense alleged do not include factual violence; (c) the apparent motive for the instant offense is the juvenile's continued issues with severe alcoholism and the criminal behaviors she engages in while under the influence of alcohol or in the pursuit thereof; (d) at the time the criminal acts were committed the juvenile was 17 years old and will be 18 years old in just over 3 months at the time of this filing; (e) the juvenile was previously under the jurisdiction of the Sarpy County Separate Juvenile Court at JV 21-185 for truancy and minor in possession of alcohol and JV 23-305 for mutual assault, which were unsuccessfully terminated; (f) it is in the juvenile's best interests to be sufficiently deterred from future criminal acts; (g) transfer is in the best interests of the public's safety given the juvenile's advanced age, high risk of reoffending, and the need for supervision and/or rehabilitation beyond the juvenile's age of minority; (h) given the juvenile's age it is argued that she possessed and possesses the ability to appreciate the nature and seriousness of her conduct; (i) it is in the best interests of the juvenile and for the security of the public that any secure detention or supervision of the same include a period beyond the juvenile's minority; (j) given the juvenile's criminal history and the nature of the events alleged the juvenile is not a suitable candidate for restorative justice programming; (k) given the juvenile's criminal history and nature of the events alleged the juvenile is not a suitable candidate for juvenile pretrial diversion programming; (l) the case does not contain factual allegations involving a firearm; (m) the juvenile has previously been adjudged and found nonamenable to rehabilitative services under the Nebraska Juvenile Code pursuant to Neb. Rev. Stat. § 43-2,106.03 (Reissue 2016) at JV 21-185 and JV 23-305; (n) the juvenile is not reportedly a member of a criminal street gang; and (o) despite the extensive efforts to rehabilitate the juvenile within the juvenile court system, including exhaustive efforts at substance abuse treatments, the juvenile continues to engage in the underage consumption of alcohol and in related criminal activities centered on her extreme alcoholism. Prior to Hailey's unsuccessful termination of probation at dockets JV 21-185 and JV 23-305, all levels of juvenile probation supervision or services both in-state and out of state had been exhausted.

A hearing was held before the juvenile court on May 13, 2024. The parties agreed that Hailey's date of birth is in July 2006. The State offered and the court received as exhibits the police report from the incident along with certified copies of orders discharging Hailey from probation unsuccessfully in two juvenile cases (JV 21-185 and JV 23-305).

The police report showed that on March 29, 2024, a white female entered a Casey's store in Bellevue, Nebraska, and took two slices of pizza and an unknown beverage from the cooler from the store without making any attempt to pay for the items. The same female returned a second time on the same date accompanied by a black male. The female took a bottle of Barton's vodka, the male took a car charger, and the two left the store without paying. The store clerk observed the two individuals leaving in a silver Pontiac G6 and the clerk was able to report the Nebraska license plate number to law enforcement. The responding police officer was able to watch the surveillance video for both instances and observed both the female and the male taking items.

Another police officer was able to locate the described vehicle a short time later and stopped the vehicle. The female passenger was identified as Hailey. The officer detected a moderate odor of alcohol coming from Hailey. A search of the vehicle was conducted and the suspected stolen vodka was recovered, along with two other empty alcohol bottles. The officer attempted to obtain a preliminary breath test from Hailey, however, she did not blow through the

tube as directed. The officer indicated that her eyes were bloodshot and glossy and she appeared to be under the influence of alcohol.

An order filed on December 22, 2023, in the Sarpy County Separate Juvenile Court, at JV 21-185, shows that the court's jurisdiction was terminated and classified as an unsuccessful completion of probation, upon the motion of Hailey's attorney. On the same day, another order was entered by the juvenile court, at JV 23-305, also upon Hailey's motion, terminating the court's jurisdiction as an unsuccessful completion of probation.

Hailey offered no evidence or testimony. Counsel presented arguments and the court took the matter under advisement.

In the transfer order entered on May 14, 2024, the juvenile court made the following brief findings in granting the State's motion: that the juvenile was unsuccessfully terminated from juvenile probation after more than 2 years of repeated efforts by the court to rehabilitate her, that she will be 18 years old in July 2024, that the juvenile is nonamenable to services of the juvenile court, that the State has met its burden and the allegations in the motion to transfer are true, and that it is in the best interests of the juvenile to transfer the matter to county court.

Hailey appeals.

## ASSIGNMENTS OF ERROR

Restated, Hailey assigns that the juvenile court erred in transferring the case to the county court and in failing to consider the statutory factors in Neb. Rev. Stat. § 43-276(1) (Cum. Supp. 2022).

## STANDARD OF REVIEW

An appellate court reviews a juvenile court's decision to transfer a juvenile offender's case to county court or district court de novo on the record for an abuse of discretion. *In re Interest of Steven S.*, 299 Neb. 447, 908 N.W.2d 391 (2018); *In re Interest of Jorge A.*, 31 Neb. App. 896, 990 N.W.2d 560 (2023), review denied (June 29, 2023). When the evidence is in conflict, an appellate court may give weight to the fact that the lower court observed the witnesses and accepted one version of the facts over the other. See *id.*

## ANALYSIS

In Nebraska, when the prosecution seeks to transfer a juvenile offender's case to criminal court, the juvenile court must retain the matter unless a preponderance of the evidence shows that the proceeding should be transferred to the county court or district court. *In re Interest of William E.*, 29 Neb. App. 44, 950 N.W.2d 392 (2020); *In re Interest of Jorge A., supra*. The prosecution has the burden by a preponderance of the evidence to show why such proceeding should be transferred. See *id.*

Neb. Rev. Stat. § 43-276 (Cum. Supp. 2022) sets forth the factors for a juvenile court to consider in making the determination of whether to transfer a case from juvenile court to county court or district court. See, *In re Interest of Steven S.*, 299 Neb. 447, 908 N.W.2d 391 (2018); *In re Interest of William E., supra*. The court need not resolve every factor against the juvenile, and there are no weighted factors and no prescribed method by which more or less weight is assigned to a specific factor. Rather, it is a balancing test by which public protection and societal security

are weighed against the practical and nonproblematic rehabilitation of the juvenile. See *In re Interest of William E., supra*. In connection with the denial of a motion to transfer a case to juvenile court, in which the State has the burden to prove a sound basis for retaining the matter in the district court, the Supreme Court has stated that "factors that are considered 'neutral' or 'not applicable' are equivalent to factors that favor transfer [to juvenile court] because § 43-276 starts with the presumption that the case should be transferred." *State v. Aldana Cardenas*, 314 Neb. 544, 561, 990 N.W.2d 915, 928 (2023).

Section 43-276(1) requires consideration of the following factors when determining whether to retain jurisdiction in, or transfer jurisdiction to, a juvenile court:

(a) The type of treatment such juvenile would most likely be amenable to; (b) whether there is evidence that the alleged offense included violence; (c) the motivation for the commission of the offenses; (d) the age of the juvenile and the ages and circumstances of any others involved in the offense; (e) the previous history of the juvenile, including whether he or she had been convicted of any previous offenses or adjudicated in juvenile court; (f) the best interests of the juvenile; (g) consideration of public safety; (h) consideration of the juvenile's ability to appreciate the nature and seriousness of his or her conduct; (i) whether the best interests of the juvenile and the security of the public may require that the juvenile continue in secure detention or under supervision for a period extending beyond his or her minority and, if so, the available alternatives best suited to this purpose; (j) whether the victim or juvenile agree to participate in restorative justice; (k) whether there is a juvenile pretrial diversion program established pursuant to sections 43-260.02 to 43-260.07; (l) whether the juvenile has been convicted of or has acknowledged unauthorized use or possession of a firearm; (m) whether a juvenile court order has been issued for the juvenile pursuant to section 43-2,106.03; (n) whether the juvenile is a criminal street gang member; and (o) such other matters as the parties deem relevant to aid in the decision.

As noted above, the only evidence in our record is the police report from the shoplifting incident, together with two orders from separate juvenile cases involving Hailey in which her attorney moved to have the court's jurisdiction terminated due to her unsuccessful completion of probation. Although the trial court was apparently familiar with Hailey's other cases, there is nothing in our record that provides the details of those cases. In reviewing the factors listed above, our record only contains evidence of three factors: (b) whether the alleged offenses involved violence, which they did not; (d) the age of the juvenile and others involved; Hailey was 17 years old and the male individual was 18 years of age at the time of the alleged offenses; and (e) Hailey had previously been adjudicated in juvenile court, although the record does not indicate the reason for the adjudications. While the State made additional allegations in the motion to transfer regarding other statutory factors contained in the transcript on appeal, evidence must be contained in the bill of exceptions to be considered on appeal. A bill of exceptions is the only vehicle for bringing evidence before an appellate court; evidence which is not made a part of the bill of exceptions may not be considered. *Yochum v. Yochum*, 312 Neb. 535, 536, 980 N.W.2d 17, 19 (2022).

In its order granting the transfer to county court, the juvenile court noted Hailey's age (she would turn 18 in July 2024), that she was unsuccessfully terminated from juvenile probation after 2 years of efforts to rehabilitate her, and that she was not amenable to services in juvenile court. However, there was no evidence presented about the other two juvenile cases, including what efforts toward rehabilitation had been made, Hailey's response to the efforts, and what services remained available through the juvenile court.

As noted, the juvenile court did not make any findings relating to the myriad of other statutory factors to be considered in determining the transfer issue. Under Neb. Rev. Stat. § 29-1816(3)(a) and (b) (Cum. Supp. 2022), the trial court is required to consider the factors set forth in § 43-276 and set forth findings for the reason for its decision to retain or transfer a case. The Supreme Court has held that the trial court must make a statement of its findings that provides sufficient specificity to permit meaningful review by appellate courts. See, *State v. Aldana Cardenas, supra*; *State v Tyler P.*, 299 Neb. 959, 911 N.W.2d 260 (2018); *State v. Hunt*, 299 Neb. 573, 909 N.W.2d 363 (2018). While it is the better practice for the trial court to refer to all the statutory factors in its order, the court is not required to do so. See *State v. Tyler P., supra*. In *State v. Lu*, 33 Neb. App. 45, ___ N.W.3d ___ (2024), despite the trial court's silence on numerous of the statutory factors, this court nevertheless independently assessed all of the statutory factors and we concluded that the district court did not abuse its discretion in overruling Lu's motion to transfer his cases to juvenile court.

In the present case, it is impossible for us to independently assess the statutory factors on which the juvenile court was silent as there is nothing in our record which provides any information regarding Hailey relative to those factors. All we know here is that she was 17 years old at the time of the shoplifting incident, there was no violence involved in the incident, and Hailey had two previous juvenile cases in which she did not successfully complete probation. In our de novo review of this limited record, we are left with no choice but to find that the juvenile court abused its discretion in granting the State's motion to transfer the case to county court.

## CONCLUSION

Because the State failed to adduce sufficient evidence to support transfer of this case to county court, we reverse the order granting the State's motion to transfer and remand the cause for further proceedings in the juvenile court.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.