IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. LITTLE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

WILLIAM R. LITTLE, APPELLANT.

Filed April 23, 2024.    No. A-23-880.

Appeal from the District Court for Colfax County: CHRISTINA M. MARROQUIN, Judge. Affirmed.

Timothy P. Matas, of Stratton, DeLay, Doele, Carlson, Buettner & Stover, for appellant.

Michael T. Hilgers, Attorney General, and Erin E. Tangeman for appellee.

RIEDMANN, BISHOP, and WELCH, Judges.

RIEDMANN, Judge.

INTRODUCTION

William R. Little appeals the order of the district court for Colfax County denying his motion to transfer his case to the juvenile court. Finding no error in the district court's determination that it had a sound basis for retaining jurisdiction, we affirm.

BACKGROUND

Little was born in March 2007 and was 16 years old at the time of the alleged crimes. The information filed in the district court charged him with first degree sexual assault, a Class II felony, and second degree sexual assault, a Class IIA felony. Count I alleges that on or about August 18, 2023, Little subjected a child, born in 2013 (A.C.), to sexual penetration without consent or when he knew or should have known that the victim was mentally or physically incapable of resisting. Count II alleges that he subjected a child born in 2014 (B.C.), to sexual contact without consent of

- 1 -

the victim, or when he knew or should have known that the victim was mentally or physically incapable of resisting, causing serious mental anguish or mental trauma.

Little filed a motion to transfer the case to juvenile court and a hearing was held on October 11, 2023. The evidence presented at the transfer hearing indicates that on August 18, 2023, Little attended a birthday party at which 9-year-old A.C., and 8-year-old B.C. were present. They are the younger siblings of Little's girlfriend. A.C. went into a bedroom because she had a headache and Little followed. She later reported that Little touched her inside her pants and a second time "all over." He also asked her to "suck his wiener." He then told her he wanted to put something inside her and took her across the street between two trailers where he again made her "suck his wiener." A.C. later reported the events to her mother.

As part of the investigation into A.C.'s allegations, law enforcement interviewed B.C., who was also at the party. She reported that she was sitting on Little's lap when he touched her on the butt outside of her shorts and squeezed her vagina outside of her shorts. Little denied all allegations.

Little called Melissa Lueders, a juvenile probation supervisor, to testify. She testified that she supervised Little's previous probation officer. She explained that Little first came on probation because of two juvenile cases in Platte County. He was charged and admitted to attempted assault by strangulation or suffocation, a Class IV felony, and terroristic threats, a Class IIIA felony. He had a probation violation in March 2022 for committing third degree assault-mutual consent. According to Lueders, Little initially struggled behaviorally. He was placed at a psychiatric residential treatment facility and then at Heartland Boys Home in Geneva. He completed that program and had been at home since June 2023.

Following this incident, he was taken into custody and an intake assessment was completed on August 23, 2023. The results of the assessment indicated that a recommendation for secure detention was warranted. According to Lueders, that recommendation remains the same. Lueders stated that Nebraska has two programs available for juvenile sexual offenders, both of which are inpatient facilities.

Little also called his mother, Laura Little, to testify. She and her family moved to Nebraska from California in August 2021. According to her, Little has had an individualized education plan since he was in third grade. At the time of the hearing, he was in tenth grade. Laura stated that she asked probation to place Little out of her home in August 2022 because he was being defiant. She explained, "And it got to a point where it was so out of control that if I didn't have him removed from my home that there was a possibility that the State may have him removed from my home. So I did it on account of making our family better." At that point, he was placed in the group home in Geneva. Between returning home in June and the date of his arrest, he spent 35 days in California with Laura's family. Aside from that period of time, he resided with Laura and his behavior was much better.

After weighing all of the factors contained in Neb. Rev. Stat. § 29-1816 (Cum. Supp. 2022), the district court determined that a sound basis existed for Little to remain in district court. It explained:

> The Court concludes that it is questionable that enough time remains for [Little] to engage in treatment in the juvenile court and reach a successful discharge. Additionally, [Little] was on juvenile probation at the time of the allegations, he is pending revocation of two

juvenile matters, he presents as high risk, and he is recommended for secure detention by the juvenile probation office. Further, the Court notes that the danger to the public is great given the nature of the underlying charges. Should [Little] be convicted, the public can best be protected by ongoing supervision of [Little] and SORA registration requirements.

## ASSIGNMENTS OF ERROR

Little assigns that the district court abused its discretion in denying his motion to transfer to the juvenile court.

## STANDARD OF REVIEW

A trial court's denial of a motion to transfer a pending criminal proceeding to the juvenile court is reviewed for an abuse of discretion. *State v. Cardenas*, 314 Neb. 544, 990 N.W.2d 915 (2023). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

## ANALYSIS

Neb. Rev. Stat. § 43-246.01(3) (Reissue 2016) grants concurrent jurisdiction to the juvenile court and the county or district courts over juvenile offenders who (1) are 11 years of age or older and commit a traffic offense that is not a felony or (2) are 14 years of age or older and commit a Class I, IA, IB, IC, ID, II, or IIA felony. Actions against these juveniles may be initiated either in juvenile court or in the county or district court. In the present case, both of the allegations against Little put him within this category of juvenile offenders.

When an alleged offense is one over which both the juvenile court and the criminal court can exercise jurisdiction, a party can move to transfer the matter. For matters initiated in criminal court, a party can move to transfer it to juvenile court pursuant to § 29-1816(3).

In the instant case, when Little moved to transfer his case to juvenile court, the district court conducted a hearing pursuant to § 29-1816(3)(a), which subsection requires consideration of the following factors set forth in Neb. Rev. Stat. § 43-276 (Cum. Supp. 2022):

(a) The type of treatment such juvenile would most likely be amenable to; (b) whether there is evidence that the alleged offense included violence; (c) the motivation for the commission of the offense; (d) the age of the juvenile and the ages and circumstances of any others involved in the offense; (e) the previous history of the juvenile, including whether he or she had been convicted of any previous offenses or adjudicated in juvenile court; (f) the best interests of the juvenile; (g) consideration of public safety; (h) consideration of the juvenile's ability to appreciate the nature and seriousness of his or her conduct; (i) whether the best interests of the juvenile and the security of the public may require that the juvenile continue in secure detention or under supervision for a period extending beyond his or her minority and, if so, the available alternatives best suited to this purpose; (j) whether the victim or juvenile agree to participate in restorative justice; (k) whether there is a juvenile pretrial diversion program established pursuant to sections 43-260.02 to 43-260.07; (l) whether the juvenile has been convicted of or has

acknowledged unauthorized use or possession of a firearm; (m) whether a juvenile court order has been issued for the juvenile pursuant to section 43-2,106.03; (n) whether the juvenile is a criminal street gang member; and (o) such other matters as the parties deem relevant to aid in the decision.

The customary rules of evidence shall not be followed at such hearing and, "[a]fter considering all the evidence and reasons presented by both parties, the case shall be transferred to juvenile court unless a sound basis exists for retaining the case in county court or district court." § 29-1816(3)(a).

As the Nebraska Supreme Court has explained, in conducting a hearing on a motion to transfer a pending criminal case to juvenile court, "[i]t is a balancing test by which public protection and societal security are weighed against the practical and nonproblematical rehabilitation of the juvenile." *State v. Cardenas*, 314 Neb. 544, 561, 990 N.W.2d 915, 928 (2023). "[I]n order to retain the proceedings, the court need not resolve every statutory factor against the juvenile, and there are no weighted factors and no prescribed method by which more or less weight is assigned to a specific factor." *Id.* "[T]he burden of proving a sound basis for retention lies with the State." *Id.* at 557, 990 N.W.2d at 926.

Little argues that the district court made "significant factual and analytical errors." Citing § 43-276, Little claims that "criteria (a), (c), (d), (e), (f), (g), (i), (j), (k), (l), (m), and (n) supported Little's motion to transfer to juvenile court." We therefore focus on these subsections.

*Section 43-276(a) - Type of Treatment Such Juvenile Would Most Likely Be Amenable To.*

Little argues that previous interventions have been successful and points to his improved behavior following his release from the boys' home in Geneva. However, less than 3 months had elapsed from the time of his release until this incident. We find this indicative that his prior treatment was unsuccessful, or at least did not result in sustainable law-abiding behavior.

As the district court observed, Little was afforded numerous services through probation, including but not limited to pre-disposition reports, professional evaluation, multi-systemic therapy, intensive family preservation, anger regression training, responsible decision making class, and two out-of-home placements. Despite these services, he allegedly engaged in the acts giving rise to the current charges. We find no abuse of discretion in the district court's finding that this factor weighed in favor of retention.

*Section 43-276(c) - Motivation.*

The district court determined that Little's motivation was sexual gratification. Little claims the record is void of any evidence of motivation. Little was 16 years old at the time of the incident which involved, in part, his alleged acts of demanding fellatio from a 9-year-old girl. We find no abuse of discretion in the district court's conclusion that Little's motivation was sexual gratification, and this factor weighs in favor of retention.

*Section 43-276(d) - Age of Juveniles.*

We recognize that Little was just over 16 years of age at the time of the alleged offense; however, he had recently been released from out of home services and was still on probation when these events allegedly occurred. His victims were 8- and 9-year-old girls. Given the length of time and the extent of the services provided, we cannot say the district court abused its discretion in finding this factor weighed in favor of retention.

*Section 43-276(e) - Juvenile's Previous History.*

Little acknowledges that he has two previous juvenile adjudications but argues that they are over 1 year old and did not involve sexual behavior. Although that is true, he was still on probation and the current incidents occurred less than 3 months after being returned home. Furthermore, these allegations are more severe than his prior offenses, indicating an escalation of deviant behavior. Little's previous history supports retention by the district court.

*Section 43-276(e) - Previous History of Juvenile.*

Little argues he has no convictions and only two prior adjudications, both of which are more than a year old. He contends that "the fact that [the adjudications] were non-sexual coupled with the progress [Little] had made in his rehabilitative programs should have weighed in favor of [Little]." Brief for appellant at 14. We disagree.

Little's prior adjudications were for attempted assault by strangulation or suffocation and terroristic threats. While not sexual in nature, they do involve violence. And despite receiving services for over a year, the current offense occurred less than 3 months after Little was returned home. Given Little's prior history, this factor weighs in favor of retention.

*Section 43-276(f) - Best Interests of Juvenile.*

Little argues that because he is engaged in the juvenile court in Platte County and probation therein, the best result for a juvenile with his mental health diagnosis and learning disabilities is to engage in the programming familiar to him, which is the juvenile court. The evidence revealed that Little suffers from attention deficit and hyperactivity disorder, post-traumatic stress disorder, disruptive mood dysregulation disorder, and has had an independent educational plan since third grade. However, he was on medication for his attention deficit disorder and had completed treatment at Heartland and had engaged in individual counseling.

The district court recognized that the juvenile court system would afford many benefits to Little; however, due to his past conduct and current charges, he required intervention and supervision for "an extensive time." Consequently, the district court concluded that retention of the case in the district court would serve Little's best interests. We agree with the district court's reasoning.

*Section 43-276(g) - Consideration of Public Safety.*

Little relies upon the services available in the juvenile court to support his argument that this factor weighs in favor of a transfer to the juvenile court. While it is true that the juvenile court system has an array of services available, Little has already engaged in many of those services, including out of home placement. Despite these services, Little allegedly engaged in a sexual

assault of two young girls less that 3 months after being returned home. Given Little's violent, deviant conduct, we agree with the district court that consideration of public safety supports a retention of this case in district court.

*Section 43-276(i) - Whether Juvenile's Best Interests*
*and Public's Security Require Detention or*
*Supervision Beyond Juvenile's Minority.*

The district court recognized that if the case were transferred to juvenile court, there would first have to be an adjudication before services could begin. It observed that although Little would not turn 19 years old for two and a half years, he had already participated in over one and a half years of services without marked progress. It concluded that the public's security required Little's detention or supervision beyond the age of majority and that if convicted, public safety is best achieved by registration under the Sex Offender Registration Act.

Little, on the other hand, argues that if the district court retains jurisdiction, detention would not provide him with any type of "real treatment." He contends the juvenile court is best suited to provide him rehabilitative treatment. While we agree that the juvenile court system offers rehabilitative services, many of those services have already been offered to Little and yet he is before the court again. We agree that it is likely that Little will require services beyond his age of majority, and if convicted, the public is best protected by his registration under the Sex Offender Registration Act.

*Sections 43-276(j) - Whether Victim or Juvenile Agrees to Participate in*
*Restorative Justice; (k) - Whether There Is Juvenile Pretrial Diversion*
*Program Established Pursuant to Neb. Rev. Stat. §§ 43-260.02 to*
*43-260.07; and (m) - Whether Juvenile Court Order Has Been*
*Issued for Juvenile Pursuant to Neb. Rev. Stat. § 43-2,106.03.*

None of these factors are applicable; therefore, they do not weigh in favor of retention. For clarification, we note that the district court erroneously listed Little's two prior adjudications under § 43-2,106.03. There is no indication in the record that an order had previously been issued under this statute finding that Little was not amenable to rehabilitative services.

*Section 43-276(l) - Conviction or Use of Firearm.*

Because there was no evidence of a firearm, this factor does not weigh in favor of retention in the district court.

*Section 43-276(n) - Whether Juvenile Is in Gang.*

It does not appear that the district court found this factor weighed in favor of retention; rather, it noted the mother's testimony that she feared Little wanted to engage in gang behavior. On this record, we agree it does not weigh in favor of retention.

*Section 43-276(o) - Other Relevant Matters.*

The district court did not analyze this factor; however, Little argues that the State relied upon diagnosis statements that are more than one year old. Given Little's current charges, we find no error in any reliance the district court may have given to these statements.

When the factors are evaluated as a whole, we find no abuse of discretion in the district court's order finding that a sound basis for retention exists. Given Little's prior involvement with the juvenile court system, the services which he had been provided, coupled with these allegations being made within 3 months of his return home, the severity of the allegations, and the public's need for protection, we agree retention in the district court was proper.

## CONCLUSION

Having evaluated the factors contained in § 43-276, we find no abuse of discretion in the district court's order finding a sound basis existed for retention in the district court. We therefore affirm the district court's order denying transfer of the case to juvenile court.

AFFIRMED.