Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
09/23/2025 09:07 AM CDT

State of Nebraska, appellee, v.
Emmanuel A., appellant.

___ N.W.3d ___

Filed September 16, 2025.    No. A-25-516.

1. **Criminal Law: Courts: Juvenile Courts: Jurisdiction: Appeal and Error.** A trial court's denial of a motion to transfer a pending criminal proceeding to the juvenile court is reviewed for an abuse of discretion.

2. **Judgments: Words and Phrases.** An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.

3. **Judgments: Jurisdiction: Appeal and Error.** A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision.

4. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law which an appellate court reviews independently of the lower court.

5. **Juvenile Courts: Jurisdiction.** Whether the juvenile court has jurisdiction over a person is determined not by the person's age at the time of the offense, but, rather, by the person's age at the time he or she is charged for the offense.

6. ____: ____. The determination of whether an individual is a "juvenile" within the provisions of Neb. Rev. Stat. § 43-247 (Cum. Supp. 2024) should be based on the individual's age on the date when that individual was charged with an offense. If an individual is a "juvenile" on the date he or she is charged with an offense, the juvenile court may exercise jurisdiction over that individual under the relevant subsection and may continue to exercise jurisdiction under § 43-247(12) until the individual reaches the age of majority.

7. **Courts: Juvenile Courts: Jurisdiction.** If otherwise appropriate, a case involving an individual who was a juvenile when charged in county court or district court may be transferred to the juvenile court until that individual reaches the age of majority.

Appeal from the District Court for Douglas County: J Russell Derr, Judge. Affirmed.

Thomas C. Riley, Douglas County Public Defender, and Jessica C. West for appellant.

Michael T. Hilgers, Attorney General, and Jacob M. Waggoner for appellee.

Riedmann, Chief Judge, and Moore and Freeman, Judges.

Moore, Judge.

## INTRODUCTION

Emmanuel A. appeals from the order of the Douglas County District Court that denied his motion to transfer his criminal case to juvenile court. The juvenile court could not acquire jurisdiction of Emmanuel under Neb. Rev. Stat. § 43-247(2) (Cum. Supp. 2024) because he was not a "juvenile" as defined under Neb. Rev. Stat. § 43-245(11) (Cum. Supp. 2024) at the time he was charged. We affirm.

## STATEMENT OF FACTS

Emmanuel was in a relationship with the victim, E.H., at the time of the alleged offense on January 16, 2023. The police reports indicate that Emmanuel and E.H., both age 16 at the time, had consensual sex earlier in the day. Later, E.H. fell asleep. She woke to Emmanuel having penile-vaginal intercourse with her without her consent. E.H. reported the incident to law enforcement on January 23 and was interviewed at an advocacy center; however, E.H. apparently did not want to move forward with charges at that time because she feared going through the process, she did not have her

parents' support, and she did not want to disrupt Emmanuel's family. Later, in October 2024, E.H. was again interviewed at an advocacy center, and a complaint was subsequently filed in county court in November, charging Emmanuel with first degree sexual assault, a Class II felony. An information was thereafter filed in district court on December 9, charging the same offense. Emmanuel was 18 years old at the time the charges were filed.

Emmanuel moved to transfer the case to juvenile court on January 6, 2025. The case was originally set to be heard on April 21, but Emmanuel's attorney moved to continue the case, and it was heard on June 16.

At the hearing, the State offered in evidence the police reports relating to the investigation of the offense; the "NCIC criminal record" for Emmanuel; and a memorandum from the juvenile probation office outlining the general process and services available through juvenile probation. The State also offered the forensic recorded interview with E.H. Emmanuel offered in evidence an affidavit of Melissa Driscoll, a juvenile court coordinator with the public defender's office; a transfer evaluation report by Dr. Colleen Conoley; and a psychosexual evaluation by Dr. Krystine Jackson.

Emmanuel has no prior criminal record and no status or delinquency history with the juvenile court. In her affidavit, Driscoll indicated that she was familiar with the allegations against Emmanuel, and she opined that there were services available to him through the juvenile court, which specific services she listed in her report.

Conoley conducted a psychological evaluation of Emmanuel in April 2025 for the purpose of reviewing the statutory factors related to the motion to transfer to juvenile court. She interviewed Emmanuel, his parents, and his sister. She also reviewed school records and administered various tests. Conoley noted that there was no remarkable medical history or mental health intervention for Emmanuel.

Beginning in the 5th grade, Emmanuel qualified for special education services under a specific learning disability; these services continued through the 12th grade. During the initial assessment for the services, although Emmanuel displayed some of the characteristics commonly associated with students with autism spectrum disorder, the results of the assessment were inconsistent. He graduated from high school in May 2025.

Emmanuel scored in the very low range on the "Wechsler Adult Intelligence Scale." The "Autism Spectrum Rating Scale" findings "strongly suggest[ed]" that Emmanuel met the diagnostic criteria for autism spectrum disorder. Other testing showed that he has impaired or extremely low social language abilities and continues to need a substantial level of care and support as it relates to his adaptive behavior. Conoley's diagnosis for Emmanuel was "Autism Spectrum Disorder . . . Level 2 Severity — requiring substantial support." Conoley also evaluated Emmanuel's risk and treatment amenability. She noted that he had his first sexual relationship at age 16, "without adequate knowledge about rules and consequences related to sex." She stated that Emmanuel's "newly diagnosed" autism spectrum disorder is critical in understanding how to effectively rehabilitate him. Conoley opined that a therapeutic approach will be more effective than a punitive approach, as most programs that address sexually deviant behaviors within the criminal justice system are designed for antisocial tendencies and not the deficits of autism. Conoley recommended that Emmanuel apply for developmental disability benefits to allow him to gain access to community-based services. Conoley opined that Emmanuel does not need out-of-home placement or direct supervision as he is not a direct threat to public safety. She recommended specific community-based treatment options. Finally, Conoley discussed the statutory factors under Neb. Rev. Stat. § 43-276 (Cum. Supp. 2024).

Jackson conducted a psychosexual evaluation of Emmanuel in April 2025, and her report was received in evidence.

Among her observations and research regarding recidivism rates of juvenile sexual offenders, she noted that juveniles consistently show low sexual recidivism in comparison to adult sexual offenders. Jackson opined that Emmanuel's risk for recidivism falls around "**3.1-9.5%** within five years, should he remain in the community." Further, she stated that as he ages, builds on protective factors, and spends more time in the community, the more his risk of recidivism will continue to decline. Jackson opined that Emmanuel can be treated in an outpatient setting (residing with his parents) while seeking weekly individual treatment services.

The district court entered its order on July 3, 2025, denying the motion to transfer the case to juvenile court. The district court first determined that because Emmanuel was 18 years old at the time the charge was filed, his case cannot be transferred to juvenile court. The court cited to § 43-247(2), which provides for juvenile court jurisdiction for any "juvenile" who has committed an act which would constitute a felony. And the court noted that § 43-245(11) defines "[j]uvenile" as any person under the age of 18 (although the court noted the statute also defines age of majority as 19). Emmanuel asserted that the case of *State v. Aldana Cardenas*, 314 Neb. 544, 990 N.W.2d 915 (2023), supports that the juvenile court has jurisdiction until the juvenile reaches the age of majority. The district court distinguished *Aldana Cardenas*, noting that the juvenile was younger than 18 years of age at the time the charges were filed and that the Supreme Court only determined that the issue of transfer to the juvenile court did not become moot when the defendant turned 18 years of age during the pendency of the appeal.

Notwithstanding the determination that Emmanuel's case cannot be transferred to the juvenile court, for judicial efficiency, the district court addressed whether the case is appropriate for transfer. The court briefly discussed the various factors set forth in § 43-276(1). The court noted that although

Emmanuel would likely be amenable to treatment, because he turns 19 years of age in a few months, it is highly likely that jurisdiction over him is necessary far beyond that limited time period. The court found that the alleged offense included violence, both Emmanuel and the victim were 16 years old at the time of the offense, Emmanuel has apparently admitted to the assault, and he has no previous criminal or juvenile court history. The court noted that it is "obviously" in Emmanuel's best interests that the case be transferred and that he receive therapy. The court further noted that the evaluators believe there is little chance for recidivism and that Emmanuel likely appreciates the seriousness of the charges as he has expressed remorse and made statements of apology. However, the court found that supervision of Emmanuel is necessary beyond his reaching the age of majority. The court also noted that pretrial diversion is not available for this offense, Emmanuel has not been convicted of use or possession of a firearm, and there is no evidence that he is associated with gang activity. The court noted Emmanuel's assertions that he is on the autism spectrum and that the State's delay in filing the charge severely prejudiced him.

The district court concluded that although some of the above factors lean in favor of transferring the case, two of the factors that do not are "both domina[nt]" in the court's decision: (1) Emmanuel cannot successfully complete appropriate rehabilitative treatment in the juvenile court within the jurisdictional limited timeframe, and (2) the fact that there is a victim who was the target of a violent act by Emmanuel.

Emmanuel appeals.

## ASSIGNMENTS OF ERROR

Emmanuel assigns, restated, that the district court (1) erred in finding that his case was not eligible for transfer to juvenile court and (2) abused its discretion in denying his motion to transfer.

## STANDARD OF REVIEW

[1,2] A trial court's denial of a motion to transfer a pending criminal proceeding to the juvenile court is reviewed for an abuse of discretion. *State v. Aldana Cardenas*, 314 Neb. 544, 990 N.W.2d 915 (2023). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id*.

[3] A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. *Id.*

[4] Statutory interpretation presents a question of law which an appellate court reviews independently of the lower court. *Id*.

## ANALYSIS

Section 43-247(2) grants jurisdiction to the juvenile court of "[a]ny juvenile who has committed an act which would constitute a felony under the laws of this state and who was eleven years of age or older at the time the act was committed." Section 43-245(11) defines "[j]uvenile" as "any person under the age of eighteen." The juvenile court has jurisdiction over "any individual adjudged to be within the provisions of this section until the individual reaches the age of majority or the court otherwise discharges the individual from its jurisdiction." § 43-247(12). "Age of majority" is defined as "nineteen years of age." § 43-245(2).

[5] In *State v. Aldana Cardenas, supra*, the Nebraska Supreme Court addressed the question of whether the juvenile court had jurisdiction over a defendant who turned 18 years old during the pendency of the appeal. The court first rejected the State's contention that the court's decision in *State v. Pauly*, 311 Neb. 418, 972 N.W.2d 907 (2022), held that whether the juvenile court has jurisdiction over a

particular person is determined not be the person's age at the time of the offense, but, rather, by his or her age at the time the juvenile court is expected to acquire jurisdiction. The court reiterated that *Pauly* held that "'whether the juvenile court has jurisdiction over a person is determined not by the person's age at the time of the offense, but, rather, by the person's age *at the time he or she is charged for the offense*.'" See *State v. Aldana Cardenas*, 314 Neb. at 550, 990 N.W.2d at 922 (emphasis in original). The court in *Aldana Cardenas* stated that *Pauly* indicates that

> the relevant date for determining a person's age, and therefore whether that person is a "juvenile" for purposes of juvenile court jurisdiction, is when the person is originally charged for an offense, whether that person is charged by complaint in the county court, by information in the district court, or by petition in the juvenile court.

314 Neb. at 550-51, 990 N.W.2d at 922. The defendant in *Pauly* was 18 years old when the charged offenses were alleged to have occurred, but he was 21 years old on the date he was charged. Therefore, by the time he was charged, he had reached the age of majority, and the juvenile court could no longer exercise jurisdiction over him under § 43-247(12). See, also, *State v. Parks*, 282 Neb. 454, 803 N.W.2d 761 (2011) (defendant was 24 years old when charged for offenses alleged to have occurred when he was 14 or 15 years old; juvenile court's jurisdiction ended when juvenile reached age of majority, and district court was not required to consider motion to transfer case to juvenile court).

The court in *State v. Aldana Cardenas*, 314 Neb. 544, 550, 990 N.W.2d 915, 921 (2023), then rejected the State's argument that since the defendant had turned 18 years old, he has "'aged out of the period when the juvenile court could acquire jurisdiction over him'" and that the case was therefore moot. The court concluded that because the defendant

was under 18 years old at the time he was charged, he was therefore a "juvenile" over whom the juvenile court could exercise jurisdiction under § 43-247(2). And, he remained eligible for transfer to the juvenile court until he reached the age of majority upon turning 19 years old. Therefore, the court concluded that the appeal was not moot.

[6,7] In reaching this conclusion, the court in *Aldana Cardenas* stated:

> In summary, under the relevant statutes, we understand the determination of whether the individual is a "juvenile" within the provisions of subsection (2) and other relevant subsections of § 43-247 should be based on the individual's age on the date when that individual was charged with an offense. If an individual is a "juvenile" on the date he or she is charged with an offense, the juvenile court may exercise jurisdiction over that individual under the relevant subsection and may continue to exercise jurisdiction under § 43-247(12) until the individual reaches the age of majority. Furthermore, if otherwise appropriate, a case involving an individual who was a juvenile when charged in county court or district court may be transferred to the juvenile court until that individual reaches the age of majority.

314 Neb. at 553-54, 990 N.W.2d at 923-24.

Here, our facts differ from *Aldana Cardenas* in that Emmanuel was 18 years old at the time he was charged with the alleged offense. Nevertheless, we find the court's holding in that case dictates our conclusion that the juvenile court could not acquire jurisdiction of Emmanuel under § 43-247(2) because he was not a "[j]uvenile" as defined under § 43-245(11) at the time he was charged. Thus, the juvenile court could not exercise continuing jurisdiction under § 43-247(12), pursuant to a motion to transfer the case. We agree with the district court that it was without authority to entertain the motion to transfer Emmanuel's case to juvenile court.

For the sake of completeness, we further find no abuse of discretion in the district court's conclusion that even if jurisdiction existed in the juvenile court, the State proved a sound basis for retention of the case in district court under Neb. Rev. Stat. § 29-1816(3)(a) (Cum. Supp. 2024) and § 43-276.

## CONCLUSION

The juvenile court could not acquire jurisdiction of Emmanuel under § 43-247(2) because he was not a "[j]uvenile" as defined under § 43-245(11) at the time he was charged.

Affirmed.